IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MISS TIFFANY MCCALL,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1162** |
| | : | |
| **NEMOURS CHILDREN'S HOSPITAL,** | : | |
|     **Defendant.** | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                                                                           **MAY 20, 2025**

      Plaintiff Miss Tiffany McCall, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting violations of her constitutional rights and related state law claims arising from medical treatment provided to her child.  Currently before the Court are McCall's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and her Complaint ("Compl." (ECF No. 2)).  McCall asserts claims against Nemours Children's Hospital.  (Compl. at 2.)  For the following reasons, the Court will grant McCall leave to proceed *in forma pauperis*.  McCall's constitutional claim will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  McCall will be granted leave to file an amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

McCall's allegations are brief.  She alleges that in March 2023, her son was forced to undergo a blood transfusion, over her objections.  (Compl. at 4.)  McCall alleges that Nemours refused to provide any other options, even though she advised that blood transfusion violated her family's spiritual beliefs.  (*Id*.)  She alleges that Nemours "removed custodial authority" from her, and that she was forced to leave her child's bedside.  (*Id*.)  McCall asserts a substantive due process claim pursuant to the Fourteenth Amendment and a state law claim for intentional infliction of emotional distress.  (*Id*. at 3, 4.)  She seeks money damages.  (*Id*. at 4.)

**II.    STANDARD OF REVIEW**

The Court will grant McCall leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

---

[1] The factual allegations set forth in this Memorandum are taken from McCall's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in McCall's pleadings will be corrected for clarity.

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As McCall is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.     DISCUSSION

#### A.     Section 1983 Claim

McCall asserts violations of her Fourteenth Amendment rights.  (Compl. at 3.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court understands McCall to be asserting a substantive due process claim against Nemours based on the hospital's decision to provide medical treatment to her son over her

3

objections and in violation of her religious beliefs. (Compl. at 4.) As pled, the claim is not plausible, because McCall does not allege that Nemours is a state actor. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).

Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

None of the criteria identified above is met here. McCall does not allege that Nemours exercised powers that are traditionally the exclusive prerogative of the state, that it acted with the help of or in concert with state officials, or that the state has so far insinuated itself into a

position of interdependence with Nemours that it must be recognized as a joint participant in the challenged activity (here, the blood transfusion). Accordingly, McCall's constitutional claim against Nemours is dismissed because she has not plausibly alleged that Nemours is a state actor or was acting under color of state law. McCall will be granted leave to amend this claim if she can plausibly allege that Nemours is a state actor or was acting under color of state law when it treated her son.

      B.        State Law Claims

Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over McCall's claim for intentional infliction of emotional distress, or any other state law claims she seeks to assert. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be

coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, *i.e.*, its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.* It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

      McCall does not allege the citizenship of the parties. Rather, she provides only a Pennsylvania address for herself and a Delaware business address for the Defendant and left blank the "diversity citizenship" section of the form she used to file her Complaint to provide citizenship information. (*See* Compl. at 3-4.) McCall has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue. Her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. She will be granted leave to amend to establish the existence of diversity jurisdiction if she can do so.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant McCall leave to proceed *in forma pauperis*.  Her constitutional claim will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  McCall will be granted leave to file an amended complaint.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

 */s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**