IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MISS TIFFANY MCCALL,** : <br>     **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **NEMOURS CHILDREN'S HOSPITAL,** *et al.*, : <br>     **Defendants.** : | **CIVIL ACTION NO. 25-CV-1162** |

**MEMORANDUM**

**SURRICK, J.**                                                                                                       **SEPTEMBER 24, 2025**

      Currently before the Court is an Amended Complaint filed *pro se* by Plaintiff Miss Tiffany McCall. ("AC" (ECF No. 7.)) The AC, filed pursuant to 42 U.S.C. § 1983, asserts constitutional claims against Nemours Children's Hospital ("Nemours") and the Montgomery County Office of Children and Youth Services ("MCOCYS"). McCall's claims arise from medical treatment provided to McCall's minor son. For the following reasons, McCall's claims against MCOCYS will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McCall will be given the option of proceeding on her claim against Nemours at this time or filing a second amended complaint that asserts claims against individuals employed by MCOCYS who participated in the alleged violations of her constitutional rights, and/or against Montgomery County.

I.  **PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[1]

The gravamen of McCall's original Complaint was that her minor son, while an in-patient at Defendant Nemours, was forced to undergo a blood transfusion over her objections. *See McCall v. Nemours Children's Hosp.*, No. 25-1162, 2025 WL 1449260, at *1 (E.D. Pa. May 20, 2025). Upon statutory screening, the Court determined that McCall had not plausibly alleged that Nemours was a state actor, and, therefore, her 1983 claim against it could not proceed as pled. *Id*. at *2. Additionally, the Court dismissed McCall's state court intentional infliction of emotional distress claim for lack of subject matter jurisdiction. *Id*. at *3. McCall was granted leave to file an amended complaint. *Id*. The AC is ripe for screening.

In her AC, McCall alleges that the events giving rise to her claims occurred in March 2023. (AC at 3.) At that time, her minor child was hospitalized at Nemours after becoming ill. (*Id*.) Nemours allegedly forced McCall to sign a document permitting the use of blood or blood products, or using other options, to raise the child's hemoglobin level. (*Id*.) Nemours then advised McCall that the other options were no longer available, and her child needed a blood transfusion before undergoing an unidentified procedure. (*Id*.) McCall objected to her child receiving blood from a stranger and preferred that he be given iron, an option previously offered. (*Id*.) Nemours, however, rejected her decision and allegedly took parental custody away from McCall. Nemours next notified MCOCYS of its actions, and MCOCYS advised Nemours to proceed with the blood transfusion. (*Id*.)

---

[1] The factual allegations set forth in this Memorandum are taken from McCall's AC (ECF No. 7). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in McCall's pleadings will be corrected for clarity.

McCall alleges that both Defendants threatened to take her child away if she did not provide written permission for the blood transfusion, notwithstanding McCall's explanation that to do so would be in violation of her spiritual beliefs. (*Id*.) She claims that she was physically assaulted by a member of Nemours' security staff and then physically removed from the hospital for two days. (*Id*.) During this time, MCOCYS allegedly initiated a process to remove McCall's minor child from her custody. (*Id*.) McCall alleges that she was never permitted to defend her position in court, that the blood transfusion was performed over her objections, and her child was placed in a foster care program. (*Id*.) MCOCYS continued to insist that the child receive treatment from Nemours, and threatened to physically remove the child from McCall's custody if she did not agree. (*Id*.)

McCall asserts violations of her Fourteenth Amendment rights. (*Id*. at 2.) She claims that as a result of the Defendants' conduct, she has become depressed and has required therapy. (*Id*. at 4.) She seeks money damages. (*Id*.)

II.     **STANDARD OF REVIEW**

The Court has already granted McCall leave to proceed *in forma pauperis*, and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask

only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As McCall is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

In her AC, McCall again asserts violations of her Fourteenth Amendment rights. (*Id*. at 2.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims Against MCOCYS

McCall asserts claims against MCOCYS. (*See* AC.) However, because MCOCYS is an administrative arm of Montgomery County, it is not itself amenable to suit. *See K.S.S. v. Montgomery Cnty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 395 (E.D. Pa. 2012) ("It is well established that arms of local municipalities – such as county departments and agencies like [the Montgomery County Office of Children and Youth Services] – do not maintain an existence independent from the municipality."); *Carter v. Child & Youth Servs.*, No. 23-CV-0798, 2024 WL 69341, at *4 (E.D. Pa. Jan. 5, 2024) (dismissing with prejudice claims against Delaware County Children and Youth Services because it is administrative arm of municipality) (citing *Hernandez v. Borough of Palisades Park Police Dep't.*, 58 F. App'x 909, 912 (3d Cir. 2003));

4

*Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 640-41 (E.D. Pa. 2010) (Delaware County Department of Children and Youth Services does not have separate corporate existence from county and is not capable of being sued under § 1983) (citing *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)); *Kane v. Chester Cnty. Dep't of Children, Youth and Families*, 10 F. Supp. 3d 671, 686 (E.D. Pa. 2014) (dismissing federal and state law claims against Chester County's Department of Children and Youth Services as lacking legal existence separate from Chester County); *Dunsmore v. Chester Cnty. Child. & Youth Servs.*, No. 92-3746, 1994 WL 446880, at *1 (E.D. Pa. Aug. 18, 1994), *aff'd*, 47 F.3d 1160 (3d Cir. 1995) (as agency of Chester County with "no independent identity of its own," Chester County Children and Youth Services is "not a suable entity"). Accordingly, McCall's claims against MCOCYS must be dismissed with prejudice.

McCall will be granted the opportunity to assert claims against individuals employed by MCOCYS if she can allege facts plausibly stating that they participated in a violation of her constitutional rights. Additionally, McCall may pursue a municipal liability claim against Montgomery County if she can allege facts plausibly stating a basis for such a claim.[2]

---

[2] To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

B.  **Claims Against Nemours**

In its prior Memorandum, the Court provided McCall with the legal standards for when a private entity may be deemed to be a "state actor" under § 1983, one of which is whether the private party has acted with the help of or in concert with state officials. *McCall*, 2025 WL 1449260, at *2. McCall alleges that Nemours, with the assistance of and on the advice of MCOCYS, provided medical care to her son over her objections, without providing her any opportunity to be heard on the matter. (AC at 3.) She further alleges that Nemours and MCOCYS threatened to remove her child from her custody if she did not acquiesce in the medical treatment plan proposed by Nemours. (*Id*.) Additionally, she alleges that she was assaulted by a member of Nemours' security staff and removed from the hospital where her minor son was being treated. (*Id*.) McCall has stated a plausible claim for violation of her due process rights against Nemours and her claim against Nemours will be served for a responsive pleading. **If McCall chooses to file a second amended complaint to assert claims against individuals employed by MCOCYS or against Montgomery County, she must include in her second amended complaint all of the factual allegations that she included in her AC describing Nemours' conduct if she intends to proceed with her claims against it, otherwise her claims will be forfeited. Claims that are not included in the second amended complaint will not be considered part of this case.** See *Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the

6

original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss with prejudice McCall's claims against MCOCYS. McCall will be given the option of proceeding on her claim against Nemours at this time or filing a second amended complaint that asserts claims against individuals employed by MCOCYS who participated in the alleged violations of her constitutional rights, and/or against Montgomery County.

An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*

**R. BARCLAY SURRICK, J.**